United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>LUIS LIMON,<br>　　　　Defendant. | Case No. 09-cr-00904-DLJ-1 (PJH)<br><br>**ORDER DENYING MOTION FOR SENTENCE RELIEF WITHOUT PREJUDICE; NOTICE RE: SECTION 2255 MOTION**<br><br>Re: Doc. No. 38 |

## I. Motion for Sentence Relief

Before the court is the motion for sentence relief filed by defendant Luis Lemon, appearing pro se. Doc. no. 38. On April 2, 2010, now-retired Judge D. Lowell Jensen sentenced defendant to a term of 120 months imprisonment, a term of five years supervised release, and a special assessment of $100, for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). The instant motion for sentence relief has been assigned to the undersigned judge as a general duty matter. The court determines that the motion conclusively shows that defendant is entitled to no relief and that a response from the government is not required.

This is defendant's fifth motion to reduce his sentence. The first motion for sentence reduction was filed August 28, 2014, seeking relief pursuant to 18 U.S.C. § 3582(c)(2) in light of proposed Amendment 782 to the Sentencing Guidelines. Doc. no. 26. The Office of the Federal Public Defender filed a notice of non-intervention. Doc. no. 27. The Probation Office filed a Sentence Reduction Investigation Report concluding that defendant was not eligible for a sentence reduction because he was sentenced to the

statutory mandatory minimum of 120 months imprisonment. Doc. no. 28. On May 29, 2015, defendant filed a renewed motion for modification of sentence, which expressly sought a reduction of sentence to a term below the mandatory minimum. Doc. no. 29. By order entered June 2, 2015, Judge Jeffrey S. White denied the motion to reduce sentence on the ground that defendant was sentenced to the mandatory minimum term of imprisonment, and a reduction in sentence was not authorized under 18 U.S.C. § 3582(c)(2). Doc. no. 30.

Defendant's second motion sought a reduction in sentence pursuant to the "Sentence Reform and Corrections Act of 2015." Doc. no. 31. By order entered November 10, 2015, Judge White denied the motion without prejudice, on the ground that defendant sought relief under pending legislation that had not yet been enacted. Doc. no. 32.

Defendant's third motion to reduce sentence sought relief pursuant to Amendment 782 and sought a "Modification of Sentence Under the Mandatory Minimum of 120 Months." Doc. no. 33. Judge Yvonne Gonzalez Rogers construed this motion to reduce sentence as a motion for reconsideration of defendant's first motion to reduce sentence, as renewed on May 29, 2015, and denied the motion. Doc. no. 34.

Defendant's fourth motion for a sentence reduction sought a downward departure in his base offense level on the ground that his status as a deportable alien prevented him from benefitting from certain Bureau of Prisons programs. Doc. no. 35. By order entered June 15, 2017, Judge White denied the motion on the ground that defendant failed to demonstrate the applicability of any statutory authority to reduce or otherwise modify the sentence. Doc. no. 37.

In this fifth motion for a sentence reduction, defendant seeks relief under the Federal Prison Bureau Nonviolent Offender Relief Act of 2003, H.R. 3575, 108th Cong. (2003) (the "Relief Act of 2003"). That bill was introduced as a proposed amendment to 18 U.S.C. § 3624, to direct the Bureau of Prisons, pursuant to a good time policy, to release a prisoner who has served one half or more of his or her term of imprisonment if

2

1  that prisoner: (1) has attained age 45; (2) has never been convicted of a crime of
2  violence; and (3) has not engaged in any violation, involving violent conduct, of
3  institutional disciplinary regulations.  The Relief Act of 2003 was not enacted into law, and
4  provides no ground for relief.  *See United States v. Garcia*, 2011 WL 2551329, at *1 (E.D.
5  Cal. June 24, 2011) ("The Relief Act [of 2003] was not passed by both houses of
6  Congress, was not signed by the President, and, therefore, never become a law.").
7  Liberally construing the pro se filings and arguments of the instant motion, the court notes
8  that a similar bill was introduced earlier this year in the House of Representatives as the
9  Federal Prison Bureau Nonviolent Offender Relief Act of 2017, H.R. 64, 115th Cong.
10 (2017) (the "Relief Act of 2017").  As of now, this bill has not been enacted into law and
11 similarly does not provide any ground for relief.

12 As Judge White has earlier ruled, "[d]istrict courts lack plenary authority to modify
13 a term of imprisonment that has been imposed," and 18 U.S.C. § 3582(c) provides
14 narrow exceptions to this general rule.  Doc. no. 37 (citing *United States v. Barragan-*
15 *Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999)).  Defendant's current motion does not
16 assert any basis for the court to reduce or otherwise modify his sentence pursuant to
17 § 3582(c).

18 To the extent that defendant's motion seeks a sentence reduction under the Relief
19 Act of 2017, if it were enacted, such a motion would be governed by 28 U.S.C. § 2255.
20 Section 2255 provides that a prisoner in federal custody may move the court which
21 imposed the sentence to vacate, set aside or correct the sentence "upon the ground that
22 the sentence was imposed in violation of the Constitution or laws of the United States, or
23 that the court was without jurisdiction to impose such sentence, or that the sentence was
24 in excess of the maximum authorized by law."  Although defendant did not characterize
25 his request for sentence relief as a § 2255 motion, an application filed in the sentencing
26 court, and substantively within the scope of § 2255, is a motion under § 2255, regardless
27 of how the prisoner captions the application.  *United States v. Buenrostro*, 638 F.3d 720,
28 722 (9th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading

labeled as a Rule 60(b) motion was construed as a habeas petition)).  However, a court may not recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so.  *Castro v. United States*, 540 U.S. 375, 377 (2003).  As the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion.  Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001).  If this is not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.  *Castro*, 540 U.S. at 377.

The instant motion seeks relief from the sentence without expressly moving to vacate, set aside or correct the sentence pursuant to § 2255.  Because this motion prematurely seeks relief under proposed legislation that has not been enacted, the motion for sentence relief is DENIED as premature without prejudice to filing a § 2255 motion asserting a claim based on the Relief Act of 2017, if that legislation is passed and enacted.  Accordingly, it is not necessary to provide defendant the opportunity to withdraw the instant motion under the procedures set forth in *Seesing* and *Castro*.

In the event that defendant files another motion for sentence relief, this order also provides him with notice of the potential adverse consequences of construing a motion to reduce sentence as a § 2255 motion.  That is, before any motion to reduce sentence is construed as a motion to vacate, set aside or correct the sentence, the court notifies defendant that a motion to reduce sentence may be recharacterized as a § 2255 motion, and that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, *Castro*, 540 U.S. at 383.

4

In the event that defendant files a § 2255 motion, or other motion to reduce sentence that is construed as a motion to vacate, set aside or correct the sentence pursuant to § 2255, the court notes that the motion is subject to the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). In appropriate circumstances, the statute of limitations in § 2255 may be subject to equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004).

## II. *Castro* Notice Re: § 2255 Motion

The court hereby provides notice of the potential adverse consequences of recharacterizing a motion for sentence relief as a § 2255 motion:

**NOTICE**

The court may not recharacterize a pro se litigant's motion as a first § 2255 motion unless either the pro se prisoner consents, with knowledge of the restrictions on second or successive motions, or the court offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro*, 540 U.S. at 383; *Seesing*, 234 F.3d at 464. "Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period." *Seesing*, 234 F.3d at 464.

Under *Castro* and *Seesing*, the court **HEREBY NOTIFIES** defendant Luis Lemon that if he files a new motion for sentence relief, he must file a motion bringing all claims for relief pursuant to § 2255 in a single, all-inclusive motion. Failure to assert all of the grounds for relief in a single motion may preclude defendant from asserting other grounds in a second or successive § 2255 motion.

**III. Conclusion**

For the foregoing reasons, the motion for sentence relief is DENIED without prejudice. Furthermore, defendant is hereby NOTIFIED that if he files a new motion for sentence relief, the motion may be construed as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, so that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions.

**IT IS SO ORDERED.**

Dated: September 13, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge